IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN PABLO CHAVEZ, <br> Dall. Cnty. Jail Bookin No. 23027870, <br><br> Petitioner, <br><br> V. <br><br> MARIAN BROWN, ET AL., <br><br> Respondents. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 3:23-cv-1982-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Juan Pablo Chavez, at the time detained at the Dallas County jail, charged with aggravated assault with a deadly weapon, submitted a *pro se* filing that has been construed as an application for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3.

Senor United States District Judge A. Joe Fish referred the construed habeas application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas claims, construed as brought under 28 U.S.C. § 2241, without prejudice to Chavez's right to pursue and exhaust available state remedies.

**I.    Habeas Claims**

A pretrial detainee is not "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), so relief under Section 2254 is not available to Chavez.

But Section 2241 remains "'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)).

And such a prisoner may "raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006).

Continued detention at the jail would satisfy the first – "in custody" – requirement.

But Chavez must still exhaust "available state remedies." *Ray*, 2006 WL 2842122, at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a

> currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

Because Chavez has not made this showing, the Court should dismiss the habeas claims without prejudice, to allow Chavez to pursue and exhaust available state remedies.

## II. Civil Claims

Where "a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under [42 U.S.C.] § 1983, and the claims can be separated, federal courts should do so." *Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (discussing *Wolff v. McDonnell*, 418 U.S. 539, 554-55 (1974)).

Here, in addition to the claims challenging pre-conviction custody under Section 2241, Chavez's filing contains assertions that "he is in custody in violation of the U.S. Constitution and § 1983." Dkt. No. 3 at 1.

But Chavez also references two lawsuits that he previously filed in this district

concerning those allegations. *See id.* at 1 (referencing "21-cv-891/892 (Tx. N.D.)"); *Chavez v. Dall. Cnty. Sheriff's Office*, No. 3:21-cv-891-B-BK, 2022 WL 2182189 (N.D. Tex. Apr. 21, 2022), *rec. accepted*, 2022 WL 2181067 (N.D. Tex. June 16, 2022), *appeal dismissed*, 2022 WL 18028409 (5th Cir. Nov. 11, 2022); *Chavez v. Aslem*, No. 3:21-cv-892-B-BK, 2021 WL 4994445 (N.D. Tex. Sept. 11, 2021), *rec. adopted*, 2021 WL 4991512 (N.D. Tex. Oct. 27, 2021).

So, insofar as it appears that the Section 1983 claims included in this construed Section 2241 petition have been addressed, the Court need not, on the showing made by Chavez, sever civil claims from this habeas proceeding to open a new civil action.

**Recommendation**

The Court should dismiss the pending habeas claims without prejudice to Petitioner Juan Pablo Chavez's right to pursue and exhaust available state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

- 5 -

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 7, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE